**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13–cv–03436–RM

BRENDA LEE PHILLIPS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff Brenda Lee Phillips's motion ("Motion") for an award of fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 24.) Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, opposes (ECF No. 25), in part[1], Plaintiff's Motion on the bases that (1) her position was substantially justified; (2) special circumstances warrant lowering the amount allowed; and (3) Plaintiff did not obtain excellent results.

For the reasons set forth below, the Court GRANTS, in part, Plaintiff's Motion.

---

[1] Defendant does not oppose the payment of costs in the amount of $429.28 pursuant to 28 U.S.C. § 1920. (ECF No. 25 at 1.)

## I. BACKGROUND

The facts and procedural history of this case are set out at length in the Administrative Record (ECF Nos. 8; 8-1; 8-2; 8-3; 8-4; 8-5; 8-6; 8-7; 8-8; 8-9; 8-10; 8-11), in the briefing on the merits that both parties submitted (ECF Nos. 13; 14; 15), and the Court's prior order (ECF No. 21).  In that order, the Court vacated the Administrative Law Judge's ("ALJ") decision and remanded the matter to Defendant for further proceedings.  (ECF No. 21.)   Pursuant to the Court's order, the Clerk of the Court entered judgment.  (ECF No. 22.)  Thereafter, Plaintiff's attorney filed the instant motion (ECF No. 24) which is ripe for the Court's review (ECF Nos. 25; 26).  Plaintiff requests $6,602.52 in attorney and "Senior Legal Assistant" fees.  Plaintiff requests $429.28 in costs.

## II. LEGAL STANDARDS AND ANALYSIS

### A.     Whether Defendant's Position Was Substantially Justified

Under the EAJA, a party that prevails against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust.  28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  As ample case law indicates, where, as here, a Social Security disability claimant obtains a remand to the Commissioner under 42 U.S.C. § 405(g), she is a prevailing party for purposes of the EAJA.  *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

The Commissioner bears the burden of demonstrating that her position was substantially justified—a test that, in this Circuit, "means h[er] position was reasonable in law and in fact and thus can be justified to a degree that could satisfy a reasonable person." *Harrold v. Astrue*, 372 F. App'x 903, 904 (10th Cir. 2010) (unpublished) (internal quotation marks and citations

omitted). "Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified." *Id*. (citation omitted). Further, EAJA fees "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) (citation omitted).

In the instant case, Plaintiff argued, in part, that the ALJ's Residual Functional Capacity ("RFC") determination lacks substantial evidence. (*See* ECF No. 13 at 56-58.) The Court agreed and remanded on that basis alone because the ALJ's failure to cite to evidence in support of the RFC determination constituted an absence of substantial evidence. (ECF No. 21 at 10-14.) The Court specifically held that the ALJ did not fully adhere to the mandate that substantial evidence must support the RFC determination. (ECF No. 21 at 14.) This fundamental legal error was unreasonable and, thus, Defendant's position was not substantially justified.

Defendant's argument to the contrary is unavailing. Defendant asserts that because the ALJ appropriately assessed Plaintiff's credibility, that justified the ALJ's RFC determination. (ECF No. 25 at 3.) That the ALJ's credibility analysis and RFC determination are intertwined is not something to which the Court takes issue; but that does not answer the question as to whether substantial evidence supports the RFC determination in all material respects.

    **B.    Whether Special Circumstances Warrant Reducing the Amount of Fees Awarded**

Having determined that Plaintiff is entitled to fees under the EAJA, the Court next considers the reasonableness of her request. As previously stated, Plaintiff seeks $6,602.52[2] in

---

[2] Based upon the Court's calculation as broken down by hours and requested rates, the amount is $6,602.47.

fees. (ECF No. 24 at 1.) This amount is calculated for 33.5 hours of attorney time[3] (ECF No. 24-1 at 5) at the rate of $191.99 per hour (ECF No. 24 at 2). Plaintiff also requests fees for a "Senior Legal Assistant" at the hourly rate of $106.75 for 1.6 hours. (ECF No. 24.) Plaintiff also requests recovery of expenses in the amount of $429.28. (ECF No. 24 at 1; ECF No. 24-1 at 5.)

Defendant disputes the amount of time for which Plaintiff seeks compensation because special circumstances warrant lowering the amount allowed and Plaintiff did not obtain excellent results. (ECF No. 25 at 1.)

The EAJA provides that attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The party seeking the award has the burden of persuading the court that the rate sought is reasonable. *Knight v. Astrue*, Case No. 09-CV-02498-CMA, 2011 WL 4382541, at *4 (D. Colo. Sept. 19, 2011). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Plaintiff asserts, without identifying the supporting numbers upon which his calculation is based, that his rate is $191.99 per hour. (ECF No. 24 at 2.) The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the applicable CPI-U when the hours were expended and then dividing the product by the CPI-U in the month that the cap was imposed (October 1981 for pre-amendment cases, March 1996 for post-amendment cases).

---

[3] Plaintiff's counsel failed to provide the exact calculation for hours of attorney time versus hours of "senior legal assistant" time. (*See generally* ECF Nos. 24; 24-1.) Plaintiff's counsel would be well advised to compute this breakdown for the Court's ease in the future.

*Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). The CPI-U West Urban is the correct index to use because it covers thirteen states in the West Region, including Colorado, which is where Plaintiff's attorney rendered his services (ECF No. 24-1). *See Consumer Price Index, West Region, U.S. Department of Labor Bureau of Labor Statistics* at 4 (accessed on November 10, 2015 for the September 2015 Consumer Price Index, West Region), http://www.bls.gov/regions/west/news-release/pdf/consumerpriceindex_west.pdf; *Bowers v. Astrue*, Case No. 07-CV-00454-WYD, 2008 WL 2568801, at *3 (D. Colo. June 24, 2008) (using CPI-U West Urban). The CPI-U West Urban differentials produce an inflation-adjusted EAJA attorney hourly rate of \$189.27 (\$125 x 236.82[4] / 156.4[5]) for 2015; \$191.99 (\$125 x 240.215[6] / 156.4) for 2014; and \$186.48 (\$125 x 235.824[7] / 156.4) for 2013. Plaintiff's counsel expended 0.7 billable hours in 2013; 32 billable hours in 2014; and 0.8 billable hours in 2015. (*See* ECF No. 24-1.) Thus, Plaintiff is entitled to attorney compensation of \$6,425.64.

Defendant argues the Court should reduce the number of total hours expended by half because of the length of the brief, raising frivolous arguments, and for unnecessary vitriolic language. (ECF No. 25 at 4.) While the Court did have concern with the length of Plaintiff's opening brief on this matter's merits and the language used therein, the Court determined that the matter could be remanded addressing a single issue raised by Plaintiff. (ECF No. 21.) Defendant fails to provide the Court with persuasive authority that the Court's concern with Plaintiff's counsel stylistic endeavors justifies "special circumstances" to warrant a reduction in fees awarded. The Court finds distinguishable Defendant's cited authority. In *Meyler v. Commissioner of Social Security*, Case No. 04-4669 (GEB), 2008 WL 2704831, *3 (D.N.J. July

---

[4] The CPI-U West Urban for 2015 is calculated using the average of CPI-U West Urban for months of the year until the last billing entry date.
[5] The CPI-U West Urban for March 1996.
[6] The CPI-U West Urban for 2014 is calculated using the annual CPI-U West Urban for 2014.
[7] The CPI-U West Urban for 2013 is calculated using the annual CPI-U West Urban for 2013.

7, 2008), the court reduced the attorney fees awarded because the attorney's conduct protracted final resolution due to additional briefing that was required for failure to comply with court rules. No such conduct occurred in this matter.

Defendant argues the Court should reduce the award because Plaintiff did not obtain excellent results as the Court did not order an award of benefits. (ECF No. 25 at 4-5.) The Court finds *Blair v. Colvin*, -- F. App'x --, 2015 WL 4522824, *1-2 (9th Cir. July 27, 2015) (unpublished), distinguishable because the lower court there ordered a limited scope of remand. Rather, in this matter, the Court ordered the parties to review the factual and legal issues anew. (ECF No. 21 at 11-12.)

Plaintiff argues that a "Senior Legal Assistant['s]" hourly rate of $250 is reasonable. (ECF No. 24 at 3.) Plaintiff has not forth any argument or evidence as to how this is a reasonable hourly rate. (*See generally* ECF No. 24.) Under the EAJA, fees for paralegal services are recoverable at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2007). The District of Colorado has previously found reasonable $60 per hour for a paralegal fee in a social security case. *Taylor v. Colvin*, Case No. 13-CV-03152-CMA, 2015 WL 2375907, *3 (D. Colo. May 15, 2015) (citation omitted). Accordingly, Plaintiff is awarded paralegal fees at an hourly rate of $60 for 1.6 billable hours (*see* ECF No. 24-1) for a total of $96.00.

### III.  CONCLUSION

Based on the foregoing, the Court:

(1)   GRANTS, in part, Plaintiff's Motion (ECF No. 24), to wit, the Court:

(i)   ORDERS Defendant pay to Plaintiff reasonable attorney and paralegal fees and expenses in the amount of $6,950.92; and

        (ii)       ORDERS that if, after receiving the Court's EAJA fee order, the Commissioner (i) determines upon effectuation of the Court's EAJA fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (ii) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney. However, if there is a debt owned under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney; and

    (2)       DENIES, in part, Plaintiff's Motion (ECF No. 24) to the extent Plaintiff seeks any other relief.

DATED this 8th day of December, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge